United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 28, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 05-30287

_____

JOHNNY MAYS and ALLEN RUSSELL,

                              Plaintiffs-Appellants

    v.

JP & SONS INC.; ET AL,

                              Defendants

CRESCENT SHIP SERVICE, INC.; BYWATER BOAT WORKS, INC.;
BOSTON OLD COLONY INSURANCE COMPANY,

                              Defendants-Appellees

_____

In Re: In the Matter of the Complaint of CRESCENT SHIP
SERVICE, INC., as owner and owner pro-hac-vice, of the M/V
MR FREDDIE, her engines, tackle, appurtenances, etc., in a
cause of Exoneration From or Limitation of Liability
CRESCENT SHIP SERVICE, INC., as owner and owner pro-hac-
vice, of the M/V MR FREDDIE,

                              Petitioner-Appellee

    v.

ISAIAH JOHNSON; ET AL,

                              Claimants

JAMES YOUNG,

                              Claimant-Appellant

ISAIAH JOHNSON; ET AL,

                              Plaintiffs

JAMES YOUNG,

                              Plaintiff-Appellant

     v.

CRESCENT SHIP SERVICE, INC., Etc.;
BYWATER BOAT WORKS, INC., Etc.,

                              Defendants-Appellees

_____

Appeal from the United States District Court
for the Eastern District of Louisiana
No. 2:04-CV-397

_____

Before KING, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Johnny Mays, Allen Russell, and James Young, the plaintiffs-appellants in this matter, claimed that they were injured in a collision between boats owned by defendants-appellees Crescent Ship Service, Inc., and Bywater Boats, Inc.  After a bench trial on the issue of damages, the plaintiffs-appellants appealed to this court.  All three plaintiffs-appellants now claim that the district court erred in finding that their testimony was not credible, and they seek more "adequate" damages.  In addition,

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

plaintiffs-appellants Mays and Russell argue that the district court erred by failing to include prejudgment interest in their damages. We AFFIRM.

## I. BACKGROUND

Several longshoremen in a crewboat owned by defendant-appellee, Crescent Ship Service, Inc. ("Crescent Ship"), claimed that they were injured when their crewboat was struck on February 10, 2003 by a barge pushed by a tugboat owned by defendant-appellee Bywater Boat Works, Inc. ("Bywater").[1] Among these passengers were plaintiffs-appellants Johnny Mays ("Mays"), Allen Russell ("Russell"), and James Young ("Young") (collectively, "plaintiffs"). Each of these three plaintiffs allegedly suffered injuries in the collision, and each claimed that a debilitating medical condition resulted from his initial injuries.[2] Along

---

[1] Collectively, the defendants-appellees will be referred to as the "defendants."

[2] Mays claimed that he hit the side rail of the crewboat with his back during the collision and collapsed to the deck. The district court found that he suffered "a soft-tissue injury resulting from the boat collision," but it found that his "allegations of more extensive injuries, such as a herniated disc and nerve damage, [were] not credible in light of . . . [the medical] reports." In re Crescent Ship Serv., Inc., No. 03-2107, at 4, 2005 WL 221562 (E.D. La. Jan. 27, 2005).
Russell claimed that he hit the rail of the crewboat with his back and leg during the collision. After reviewing the record, the district court found that Russell did suffer "a soft tissue injury as a result of the accident," but it found that his complaints about continuing and future pain and suffering were not credible. Id. at 7. Citing Russell's post-accident "functional capacity evaluation," the district court found that Russell "was a minimal symptom/disability exaggerator" who was

3

with nineteen of their fellow passengers, these three plaintiffs filed suit against the defendants for damages related to injuries and subsequent medical conditions allegedly caused by the collision. The district court considered this admiralty suit without a jury on December 6-9, 2004, and filed its opinion on January 27, 2005. See In re Crescent Ship Serv., Inc., No. 03-2107, at 1, 2005 WL 221562 (E.D. La. Jan. 27, 2005) [hereinafter "Crescent Ship I"]. At trial, the defendants stipulated that they were jointly and severally liable for causing the collision, and the district court found "that the collision was strong enough to cause injury to [the] passengers on the crew boat," leaving only the issue of damages to be considered for each of the twenty-two claimants, including Mays, Russell, and Young. Id. at 2.

After considering the evidence, the district court declined to grant Mays any damages for lost past or future wages because he "did not lose time from work nor does the evidence support a finding that the boat accident will be a cause of future disability." Crescent Ship I at 4. The district court awarded

"exaggerating his continued claims of back pain as well as numbness in his toe." Id. at 6, 7.

Young claimed that he injured his wrists, arms, neck, and back while clinging to the rail of the crewboat during the accident. Based on medical "findings of objective evidence of injury," the district court found "that Young injured his wrists and neck" in the accident; however, the district court was "not persuaded that the collision was severe enough to have caused a herniated disc." Id. at 26.

4

Mays $2,585.82 for medical expenses through June of 2003, but it declined to grant him any further medical expenses due to lack of credible continuing symptoms. Id. The district court did not award Mays any damages for future pain and suffering, but it did award him $2,500 for past pain and suffering, "taking into consideration the amount of treatment required and the time needed to recover from the legitimate soft-tissue injury, but also taking into account Mays's lack of credibility and unnecessary prolongation of his treatment program." Id. at 4-5.

Similarly, the district court also declined to grant Russell any damages for lost or future wages, noting that he was never placed on work restriction, and stating that it did "not find credible Russell's claims that he is or ever was unable to work." Crescent Ship I at 6. The district court did grant Russell $1,547 to cover his medical expenses through May of 2003, but it declined to award him any further medical expenses, again, largely based on a lack of credible continuing symptoms. Id. at 7. The district court did not award Russell any damages for future pain and suffering, but it did award him $1,500 for pain and suffering based on the soft tissue injury he suffered as a result of the accident.

Young did not make a claim for lost wages, but he did claim past and future pain and suffering damages as well as medical expenses. Noting that Young was both "fully recovered and gainfully employed," and based on in part its finding that Young

5

was not a "particularly credible" witness, the district court granted Young $4,022 for his medical expenses and $8,000 "in general damages." Crescent Ship I at 26.

In its opinion in Crescent Ship I, the district court omitted prejudgment interest from its calculations of the various damage awards for Mays, Russell, Young, and the other nineteen original claimants. Nineteen of the original claimants, including Young but not including either Mays or Russell, filed a total of three motions for the overlooked prejudgment interest after the district court filed its opinion. One of these motions, filed on behalf of thirteen of the original claimants, including Young, was timely filed. The other two motions, filed on behalf of six of the original claimants, were not timely filed. The district court disposed of these postjudgment motions in a single order filed on April 20, 2005. See In re Crescent Ship Service, No. 03-2107, at 1-3, 2005 WL 1038652 (E.D. La. Apr. 20, 2005) [hereinafter "Crescent Ship II"]. In this order, the district court pointed out that none of the claimants "made any mention of prejudgment interest in their respective proposed findings of fact," but it acknowledged that it had "overlooked the issue" as all of the original claimants "did pray for prejudgment interest in their original Complaints." Crescent Ship II, at 2.

Therefore, the district court granted the claim for prejudgment interest by the group of thirteen claimants,

including Young, who timely filed their postjudgment motion, and it ordered them to bring a new motion to set an accrual date and an interest rate. However, the district court denied the postjudgment motions for prejudgment interest of six other claimants because they were filed "over two weeks late," noting that under FED. R. CIV. P. 59(e), a postjudgment motion to amend a judgment for prejudgment interest "must be brought within 10 working days of the entry of the final judgment." Crescent Ship II, at 2-3 (citing, inter alia, Osterneck v. Ernst & Whinney, 489 U.S. 169, 174-77 (1989)). Mays and Russell do not mention these motions or the district court's order in Crescent Ship II in their brief before this court, and there is no indication in the record that either ever filed a postjudgment motion to amend for prejudgment interest, timely or otherwise.

In this appeal, all three plaintiffs argue that this court should review their testimony and the medical evidence, vacate the decision of the district court, and grant them more "adequate" damages. In addition, Mays and Russell argue that the district court erred by failing to award them prejudgment interest. In response to the plaintiffs' common argument, the defendants point out that the factual findings of the district court, including damages, are binding unless clearly erroneous. The defendants also argue that this court should not consider the prejudgment interest argument advanced by Mays and Russell for the first time on appeal.

7

## II.  DISCUSSION

The jurisdiction of this court over the general claims raised by all three plaintiffs, which is not contested by any party to this appeal, is proper pursuant to 28 U.S.C. § 1291.

Before considering the plaintiffs' common argument that the district court erred in its credibility and damage determinations, we must note that "[a] district court's determination of damages is a factual finding that will be set aside only if clearly erroneous."  Canal Barge Co. v. Torco Oil Co., 220 F.3d 370, 379 (5th Cir. 2000) (citing Marine Transp. Lines, Inc. v. M/V Tako Invader, 37 F.3d 1138, 1140 (5th Cir. 1994)).  Under this clearly erroneous standard, we will reverse a district court's determination of damages "only if we have a definite and firm conviction that a mistake has been committed."  Canal Barge, 220 F.3d at 375 (citing Mid-Continent Cas. Co. v. Chevron Pipe Line Co., 205 F.3d 222, 229 (5th Cir. 2000)).  Moreover, this court has repeatedly held that "'[t]he burden of showing that the findings of the district court are clearly erroneous is heavier'" when, as here, "'the credibility of the witnesses is a factor in the trial court's decision.'"  Canal Barge, 220 F.3d at 375 (quoting Dunbar Med. Sys. Inc. v. Gammex Inc., 216 F.3d 441, 453 (5th Cir. 2000)).  In this appeal, the plaintiffs have essentially reiterated the evidentiary claims and factual assertions that they made before the district court,

combined with the additional statement that the district court's contrary conclusions were clearly erroneous. However, we have found the district court's damage awards to be well-reasoned, based as they are upon express references to medical evidence in the record and specific, convincing descriptions of the plaintiffs' lack of credibility. We decline to disturb them.

Mays' and Russell's claim for prejudgment interest was asserted in their complaint, but was not asserted in the Pre-Trial Order (which operates as the final amendment to the pleadings) or in their request for findings of fact and conclusions of law. Nor did they file a motion under FED. R. CIV. P. 59(e). It is, therefore, effectively being raised for the first time on appeal, and we do not consider matters being raised for the first time on appeal.

### III. CONCLUSION

For the reasons given above, we AFFIRM the judgment of the district court.